829 F.2d 1127
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Eugene HIGHTOWER, Defendant-Appellant.
 No. 86-6173
 United States Court of Appeals, Sixth Circuit.
 September 28, 1987.
 
 Before LIVELY, Chief Judge, KEITH, Circuit Judge, and DOWD, District Judge.*
 PER CURIAM.
 
 
 1
 The appellant was charged in a single count indictment with a violation of 21 U.S.C. Sec. 841(a)(1). After his motion to suppress the one kilogram of cocaine found in locker number 151 at the L & N Golf Club in Brooks, Kentucky was denied, the appellant entered a conditional plea of guilty[1] pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure and was sentenced to a term of imprisonment of eight (8) years and to a special parole term of three years.
 
 
 2
 The appellant has appealed his conviction on the claim that the District Court erroneously held that the appellant lacked standing to contest the search of Locker 151.
 
 
 3
 The parties agree that the issue presented on appeal is whether the appellant enjoyed a reasonable expectation of privacy as to Locker Number 151 at the country club.
 
 
 4
 It is undisputed that the appellant was a dues paying member of the L & N Country Club, but that the lockers were assigned to the members only on request and upon the condition that the member pay an annual rental fee of Ten Dollars ($10.00) for the use of an assigned locker in addition to the annual dues. The appellant last rented and paid for a locker in 1985 or 1986. In 1986, the country club had 310 members and from that membership 89 men and 24 women paid for lockers. There were 174 lockers in the men's locker room. Although it was not permitted for members to place locks on an unassigned locker, some members followed that practice and the club management had not taken any action to remove the locks from the unassigned lockers. The Board of the country club had refused to accept the club treasurer's recommendation that all unused lockers be confiscated. The club secretary conceded that the rental of the lockers by the members is accomplished by an honor system, but that if a member used a locker not assigned and for which he had not paid the fee, he did so at his own peril. No member had been authorized to place a lock on a locker without having paid for the locker. The appellant had locks on lockers 151, 94, and 21. He had not paid the annual rental fee for any of the three lockers in 1985 or 1986. He last paid a rental fee in 1984, but the record does not indicate whether the fee was paid for either 94 or 21. The appellant conceded that he had been using locker 151 for about a month before the search on June 29, 1986. Only the appellant possessed a key to the locks on lockers 21, 94, and 151.
 
 
 5
 The appellant's motion to suppress was referred to the magistrate for a report and recommendation. After hearing testimony, the magistrate issued findings of fact and conclusions of law and a recommendation that the motion to suppress be denied because the appellant had no legitimate expectation of privacy in the three lockers including locker 151 where the cocaine was found. A subsequent additional evidentiary hearing[2] was held by the district court. At the conclusion of the second evidentiary hearing, the district court adopted the report and recommendation of the magistrate without making any specific fact findings. The appellant then entered his conditional plea of guilty and was sentenced.
 
 
 6
 Standing is a necessary predicate to challenging successfully on constitutional grounds a search conducted by law enforcement officials. Cf. United States v. Payner, 447 U.S. 727 (1980) and United States v. Salvucci, 448 U.S. 83 (1980). Where a defendant raises a fourth amendment claim and the government asserts lack of standing as an initial defense to the unlawful search claim, the defendant bears the burden of demonstrating that the search and seizure violated the defendant's legitimate expectation of privacy as to the thing or place searched. Rakas v. Illinois, 439 U.S. 128 (1978); Rawlings v. Kentucky, 449 U.S. 98 (1980); and United States v. Salvucci, supra. Rakas and its progeny demonstrate a wide variety of factual situations requiring the courts to wrestle with the question of whether the appellant has demonstrated a 'legitimate expectation of privacy.' This circuit has dealt with the issue on a number of occasions, including United States v. Bailey, 628 F.2d 938, 941 (6th Cir. 1980) and United States v. Trickery, 711 F.2d 56 (6th Cir. 1983). The two-step procedure in Bailey, anchored in the landmark decision of Katz v. United States, 389 U.S. 347 (1962), serves to focus the consideration of standing in this case. Two questions are to be asked:
 
 
 7
 1. Has the appellant exhibited a subjective expectation of privacy?
 
 
 8
 2. If so, is society prepared to recognize the expectation as legally justified?
 
 
 9
 In the case before the court, it is apparent that the appellant demonstrated a subjective expectation of privacy. He placed locks on the three lockers, including locker 151 and he was careful not to give anyone else a key to the three locks.
 
 
 10
 However, with respect to the second step in the Bailey test, the appellant was using unassigned lockers and not paying the rental fee. Even though a member of the country club, he was in essence a trespasser with respect to the three lockers. He did not request the assignment and he made no attempt to compensate the club for the use of the lockers. The country club's benign policy of neglect toward violations of its own policy does not justify the appellant's conduct. Trespass is not a divisible concept. The appellant's expectation of privacy was not legally justified. See, e.g., Rakas v. Illinois, supra, fn. 12 at page 143. Thus, we find that the appellant did not have standing to contest the search.
 
 
 11
 We find no error in the decision of the district court to deny the motion to suppress for lack of standing on the part of the appellant. The conviction and sentence of the appellant is affirmed.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 The 1983 amendment to Rule 11 of the Federal Rules of Criminal Procedure allowing for the conditional plea of guilty following the adverse determination of any specified pretrial motion was designed to avoid trials where it was perceived that the trial became a burdensome necessity to preserve the defendant's contention that the pre-trial motion had been erroneously denied to the defendant's detriment. In the case sub judice, if the appellant prevails on the appeal, he will be allowed to withdraw the plea and then the trial court will have to determine whether the motion to suppress based on the Fourth Amendment claim has merit. If the trial court again denies the motion to suppress, and permits the appellant to again enter a conditional plea, a second appeal on the issue of the appellant's motion to suppress could conceivably arise, raising the interesting question of whether the efficacy of Rule 11(a)(2) has been productive in this case or in a similar case where the court addresses only the issue of standing where a motion to suppress is made and denied by a defendant in a possession case such as this one. In any event, the conditional plea cannot be offered without the consent of the court so the court retains the power to avoid the double appeal condition that could potentially arise
 
 
 [2]
 During the evidentiary hearing before the magistrate, the club pro testified about the practices regarding the assignment of lockers and the practice of cutting off locks on unassigned lockers. The appellant requested and was granted the opportunity to present the testimony of the club treasurer who was responsible for collecting fees for rented lockers. Unlike the club pro, the club treasurer reported that locks were not cut off or unassigned lockers for which no fee had been paid